THE LAW OFFICE OF
RYAN K. HARIMOTO

RYAN K. HARIMOTO  6720-0
1001 Bishop Street, Suite 1515
Honolulu, Hawaii 96813
Telephone: (808) 528-3113
Email: ryan@harimotolaw.com

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| DOUGLAS M. SHEEHAN,<br><br>        Plaintiff,<br><br>  vs.<br><br>SOUTHERN FOODS GROUP, LLC; DEAN FOODS COMPANY,<br><br>        Defendants. | CIVIL NO.:<br><br>COMPLAINT; DEMAND FOR JURY TRIAL |

## **COMPLAINT**

Plaintiff DOUGLAS M. SHEEHAN complains against Defendants SOUTHERN FOODS GROUP, LLC, and DEAN FOODS COMPANY as follows:

**I.     PARTIES, JURISDICTION , AND VENUE**

1. This action is brought pursuant to 29 USC § 621, *et seq*. (Age Discrimination in Employment Act of 1967, as amended) and Chapters 368 and 378 of the *Hawaii Revised Statutes*.

2. The unlawful employment practices complained of herein occurred within the City and County of Honolulu, State of Hawai'i, Plaintiff DOUGLAS M. SHEEHAN ("Plaintiff") was at all relevant times herein a resident of the City and County of Honolulu, State of Hawai'i, and venue is properly in the United States District Court for the District of Hawai'i pursuant to 28 USC § 1391.

3. Jurisdiction is proper based on a federal question (28 U.S.C. § 1331), namely 29 USC § 621, *et seq*. (Age Discrimination in Employment Act of 1967, as amended), and there is supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367.

4. Upon information and belief, Defendant SOUTHERN FOODS GROUP, LLC, is a Delaware corporation which conducts business in the State of Hawai`i with its principal place of business in Dallas, Texas.

5. Upon information and belief, Defendant DEAN FOODS COMPANY, is a Delaware corporation which conducts business in the State of Hawai`i with its principal place of business in Dallas, Texas.

6. At all times material herein, all employees or agents of Defendant SOUTHERN FOODS GROUP, LLC, and Defendant DEAN FOODS COMPANY (collectively, "Defendants") were acting in the course and scope of their employment and/or agency and as employees and/or agents when engaging in the conduct alleged herein.  Therefore, Defendants are directly liable for the conduct of their employees and/or agents, and Defendants are also liable under the rules and regulations of the Hawai`i Civil Rights Commission, the U.S. Equal Employment Opportunity Commission, and the doctrines of strict liability, respondeat superior, vicarious liability, and/or agency.

7.      Upon information and belief, the Defendants acted as a single, integrated entity with regard to, without limitation, the employment of Plaintiff.

## II.    STATEMENT OF FACTS

8.      Plaintiff was employed by companies related to Defendants or their predecessors since 1978.

9.      In 1998, Plaintiff became Plant Manager at the Hawaii location of Meadow Gold Dairies.

10.     In approximately 2003, Defendant DEAN FOODS COMPANY purchased the company, and Defendant SOUTHERN FOODS GROUP, LLC, was later registered to do business in Hawaii in 2007.

11.     At all relevant times, for purposes of Plaintiff's employment, Defendants operated as a single, integrated entity.

12.     Plaintiff remained in the position of Plant Manager from 1998 until he was terminated on March 20, 2017.

13.     In approximately 2014, Plaintiff began having conversations with his then-supervisor, Brian Riley ("Riley"), about a transfer to the Plant Manager position in Reno, Nevada.

14.     Plaintiff and Riley agreed that the timing was not right, but Riley assured Plaintiff that Plaintiff could transfer to the Reno position when the job became available in the future.

15.     When the Reno Plant Manager position became available, Plaintiff immediately applied for the position and was initially informed by Reno Human Resources that, other than Plaintiff, there was only one external candidate for the position.

16. On or about August 11, 2016, Plaintiff discussed his application for the Reno Plant Manager position with his supervisor, Chris Cappo, West Operations V.P ("Cappo").

17. During that conversation, Cappo told Plaintiff that he was surprised Plaintiff had made it that far in the interview process because the person who would make the hiring decision, Terry Shamblin, Director of West Operations ("Shamblin"), wanted to hire someone who could eventually take over Shamblin's position and that Plaintiff is about the same age as Shamblin.

18. Apparently, Shamblin wanted to hire someone younger than Plaintiff for the Reno Plant Manager position.

19. Plaintiff flew to Reno, Nevada, to interview for the Reno Plant Manager position on or about August 19, 2016.

20. Contrary to what Reno Human Resources had told Plaintiff, the Montana Plant Manager was also waiting to be interviewed, though he informed Plaintiff that he was directed to report to Reno without being given any further instructions, despite the fact that he had no interest in the Reno Plant Manager position.

21. At no time during Plaintiff's interview for the Reno Plant Manager position did any of the interviewers express any concerns about Plaintiff's qualifications for the position.

22. From the time Plaintiff began discussing the Reno Plant Manager position with Riley until the time Plaintiff interviewed for the position, Defendants did not raise any concerns about Plaintiff's qualifications for the Reno Plant Manager position, other than Cappo stating that Shamblin wanted to hire someone younger than Plaintiff.

23. In fact, the Reno Human Resources representative told Plaintiff that Plaintiff was the perfect candidate for the position.

24. On or about September 1, 2016, Plaintiff was informed by Shamblin that Plaintiff was not hired for the Reno Plant Manager position.

25. Shamblin acknowledged that the Reno employees had told Shamblin that they wanted Plaintiff to be selected for the position.

26. Shamblin told Plaintiff that the position would remain open.

27. However, Plaintiff later learned that the position was filled by someone younger and less qualified than Plaintiff.

28. On or about September 7, 2016, Plaintiff made an internal complaint to Human Resources because he was denied the Reno Plant Manager position based on his age, despite the fact that Plaintiff was undisputedly qualified for the position and had been given prior assurances that he could transfer to that position when it became available.

29. Defendants failed to properly investigate Plaintiff's complaint of age discrimination.

30. Defendants did not provide Plaintiff with any updates on his complaint.

31. Plaintiff followed up on his complaint and was then told by Human Resources that they had found no wrongdoing.

32. Plaintiff's complaint was dismissed without any action.

33. Within a few months after Plaintiff made his complaint of age discrimination to Human Resources, Plaintiff's supervisor, Cappo, began scrutinizing Plaintiff's performance more intensely than he had prior to Plaintiff's age discrimination complaint.

34. On or about January 3, 2017, Plaintiff initiated a complaint with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendants for age discrimination.

35. On or about January 14, 2017, Plaintiff received a performance improvement plan ("PIP") from Cappo.

36. The PIP included matters over which Plaintiff had no control or were inaccurate and certainly unwarranted in those circumstances.

37. Nevertheless, Plaintiff began taking the designated steps required by the PIP.

38. The PIP was issued in retaliation for Plaintiff's complaint of age discrimination.

39. The PIP was also issued as a continuing act of discrimination to push Plaintiff out of the company.

40. Later, Plaintiff applied for and was rejected for another position which was located in Hayward, California.

41. On March 8, 2017, Plaintiff submitted a Declaration which was filed as a Charge of Discrimination alleging age discrimination with the EEOC and the Hawaii Civil Rights Commission ("HCRC").

42. On March 20, 2017, Plaintiff was terminated.

43. The explanation for the termination given by Defendants focused on problems with the Honolulu plant which Plaintiff had been raising with his supervisors for an extended period of time and which they did not resolve.

44. Over the course of the final few months of Plaintiff's thirty-seven year employment after he made a complaint of age discrimination, Plaintiff's performance was unfairly scrutinized.

45. Over the course of the final few months of Plaintiff's thirty-seven year employment after he made a complaint of age discrimination, Plaintiff was issued an unwarranted PIP.

45. Over the course of the final months of Plaintiff's thirty-seven year employment, Plaintiff's was denied his annual bonus and raise.

46. These adverse employment actions were taken against Plaintiff as continuing acts of discrimination based on Plaintiff's age and in retaliation for his complaints of age discrimination.

47. At the time of his termination, Plaintiff had completed or was on track to complete all the steps required by the PIP.

48. Plaintiff timely filed charges of discrimination with the U.S. Equal Employment Opportunity Commission and the Hawaii Civil Rights Commission, and he later received Notices of Right to Sue.

## III.   CLAIMS FOR RELIEF

**First Claim for Relief: Illegal Employment Discrimination**

49. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 48 hereinabove.

50. Based on the acts and omissions described above, Defendants are in violation of 29 USC § 621, *et seq*. (Age Discrimination in Employment Act of 1967, as amended), including, but not limited to, 29 USC § 623, as well as Chapters 368 and 378, *Hawaii Revised Statutes*, by discriminating against Plaintiff on the basis of his age.

51. Defendants treated Plaintiff differently as compared to similarly situated employees who were not of the same age.

52. The acts of Defendants' supervisory and administrative employees against Plaintiff created a hostile and offensive working environment.

53. Defendants denied Plaintiff the opportunity to remain employed free from harassment and discrimination based upon his age, in violation of 29 USC § 621, *et seq*. (Age Discrimination in Employment Act of 1967, as amended), including, but not limited to, 29 USC § 623, and *Hawaii Revised Statutes* § 378-2.

54. Plaintiff's age was not a bona fide occupational qualification for Plaintiff's job and the jobs for which he applied with Defendants.

55. As a result of Defendants' illegal discrimination against him, Plaintiff has suffered damages, and he is entitled to compensation in amounts to be proven at trial.

**Second Claim for Relief: Retaliation**

56. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 55 hereinabove.

57. Based on the acts and omissions described above, Defendants are in violation of 29 USC § 621, *et seq*. (Age Discrimination in Employment Act of 1967, as amended), including, but not limited to, 29 USC § 623(d), and Chapters 368 and 378, HRS, by retaliating against Plaintiff for engaging in protected activities and opposing Defendants' discriminatory practices.

58. Defendants retaliated against Plaintiff for bringing complaints of harassment and discrimination which were violations of State and Federal law.

59. The retaliation by Defendants reflects a pattern and practice of illegal behavior.

60.As a result of the retaliation by Defendants against him, Plaintiff has suffered damages, and he is entitled to compensation in amounts to be proven at trial.

WHEREFORE, Plaintiff prays for Judgment against Defendants and yet unnamed DOE Defendants, jointly and severally, as follows:

1.For special damages in amounts to be proven at trial;

2.For general damages in amounts to be proven at trial;

3.For punitive damages in amounts to be proven at trial;

4.For back pay, front pay, prejudgment interest, lost employment benefits, reasonable attorneys' fees and costs, and such other relief as the Court deems appropriate, in amounts to be proven at trial;

5.For an order of injunctive relief, as may be available to Plaintiff under Rule 65 of the *Federal Rules of Civil Procedure*, 29 USC § 621, *et seq*. (Age Discrimination in Employment Act of 1967, as amended), and Chapters 368 and 378 of the *Hawaii Revised Statutes*, to enjoin the Defendants from continuing or maintaining any policy, practice, or custom whereby unlawful discrimination, harassment, and/or retaliation is the result.

6.All other relief which the Court deems appropriate, including, without limitation, all such relief and remedies provided for under 29 USC § 621, *et seq*. (Age Discrimination in Employment Act of 1967, as amended), and Chapters 368 and 378 of the *Hawaii Revised Statutes*.

DATED:Honolulu, Hawaii, October 22, 2018.

/s/ Ryan K. Harimoto
RYAN K. HARIMOTO
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| DOUGLAS M. SHEEHAN, | CIVIL NO.: |
| | (Other Civil Action) |
| Plaintiff, | |
| vs. | DEMAND FOR JURY TRIAL |
| SOUTHERN FOODS GROUP, LLC; DEAN FOODS COMPANY, | |
| Defendants. | |

DEMAND FOR JURY TRIAL

Comes now Plaintiff DOUGLAS M. SHEEHAN, by and through his attorney, and hereby demands a trial by jury on all issues so triable.

DATED: Honolulu, Hawaii, October 22, 2018.

/s/ Ryan K. Harimoto
RYAN K. HARIMOTO

Attorney for Plaintiff