IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DOUGLAS M. SHEEHAN | ) | Civ. No. 18-00405 HG-KJM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SOUTHERN FOODS GROUP, LLC; | ) | |
| DEAN FOODS COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANT DEAN FOODS COMPANY'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION (ECF No. 23) WITHOUT PREJUDICE**

Plaintiff Douglas M. Sheehan filed a Complaint asserting claims of employment discrimination against Defendants Southern Foods Group, LLC and Dean Foods Company. Plaintiff alleges that from 1998 until his termination in 2017 he was the plant manager of Meadow Gold Dairies. He claims that during his employment the Dean Foods Company purchased Southern Foods Group, LLC. He claims he was jointly employed by both Southern Foods Group, LLC and Dean Foods Company.

Defendant Dean Foods Company filed a Motion to Dismiss for lack of personal jurisdiction. Dean Foods Company submitted evidence that it is incorporated in Delaware with its principal place of business in Texas.

Dean Foods Company claims that Southern Foods Group, LLC is its subsidiary and that Southern Foods Group, LLC operates Meadow Gold Dairies, the location where Plaintiff performed his work.

1

There is no general personal jurisdiction over Dean Foods Company.

There are questions of fact as to whether there is specific jurisdiction over Dean Foods Company based on the claims asserted in the Complaint and the evidence available at this stage in the proceedings.

Defendant Dean Foods Company's Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 23) is **GRANTED, IN PART, AND DENIED, IN PART, WITHOUT PREJUDICE**.

Plaintiff is permitted to conduct jurisdictional discovery to establish specific personal jurisdiction over Dean Foods Company exists.

## **PROCEDURAL HISTORY**

On October 22, 2018, Plaintiff Douglas M. Sheehan filed a Complaint against Southern Foods Group, LLC and Dean Foods Company. (ECF No. 1).

On June 19, 2019, Defendant Dean Foods Company filed a MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION. (ECF No. 23).

On June 27, 2019, Defendant Southern Foods Group, LLC filed a Statement of No Opposition. (ECF No. 25)

On July 18, 2019, Plaintiff Sheehan filed his MEMORANDUM IN OPPOSITION. (ECF No. 26).

On August 9, 2019, Defendant Dean Foods Company filed its

REPLY. (ECF No. 27).

On August 30, 2019, the Court held a hearing on Defendant Dean Foods Company's Motion to Dismiss for lack of personal jurisdiction. (ECF No. 28).

## **STANDARD OF REVIEW**

Pursuant to Federal Rule of Civil Procedure 12(b)(2), a defendant may seek dismissal of an action for lack of personal jurisdiction. Fed. R. Civ. P. 12(b)(2). In determining whether personal jurisdiction exists, courts may consider evidence presented in affidavits and declarations. Doe v. Unocal Corp., 248 F.3d 915, 922 (9th Cir. 2001), *abrogated on other grounds in* Daimler AG v. Bauman, 571 U.S. 117 (2014).

Plaintiff bears the burden of showing that the court has personal jurisdiction over a defendant. Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154 (9th Cir. 2006). Absent formal discovery or an evidentiary hearing, the determination requires that the plaintiff make only a prima facie showing of jurisdictional facts to withstand the motion to dismiss. Id. To make this prima facie showing, a plaintiff may not simply rest on the bare allegations of its complaint. Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800 (9th Cir. 2004).

Uncontroverted allegations in the complaint, however, must be taken as true and any conflicts between the parties over statements contained in affidavits must be resolved in the plaintiff's favor. Bancroft & Masters, Inc. v. Augusta Nat'l,

3

Inc., 223 F.3d 1082, 1087 (9th Cir. 2000).

## ANALYSIS

The general rule is that personal jurisdiction over a defendant is proper if it is permitted by a long-arm statute and if the exercise of that jurisdiction does not violate federal due process.  Fireman's Fund Ins. Co. v. Nat. Bank of Coops., 103 F.3d 888, 893 (9th Cir. 1996).

Where there is no applicable federal statute governing personal jurisdiction, the district court applies the law of the state in which the district court sits.  Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1998).  Hawaii's long-arm statute, Hawaii Revised Statutes § 634-35, authorizes the exercise of personal jurisdiction to the extent permitted by the Due Process clause of the Fourteenth Amendment to the United States Constitution.  Barranco v. 3D Sys. Corp., 6 F.Supp.3d 1068, 1077 (D. Haw. 2014).

Due Process requires that a defendant have minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.  Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement, 326 U.S. 310, 316 (1945).

There are two types of personal jurisdiction: general jurisdiction and specific jurisdiction.  Bristol-Myers Squibb Co. v. Superior Ct. of Cal., 137 S.Ct. 1773, 1779-80 (2017).

4

## I. General Jurisdiction

### A. Paradigm Test For Determining General Jurisdiction Over A Corporation Is The Corporation's Place Of Incorporation And Principal Place Of Business

General jurisdiction refers to jurisdiction to adjudicate any claim against the defendant, including claims unrelated to the defendant's contacts with the forum state. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984). General jurisdiction ordinarily exists over a corporation when it is incorporated in the forum state or its principal place of business is located in the forum state. Daimler AG v. Bauman, 134 S.Ct. 746, 760-61 (2014) (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 924 (2011)).

Defendant Dean Foods Company ("Dean Foods") is incorporated in the State of Delaware and its principal place of business is in Dallas, Texas. (Declaration of Andrea Bettis ("Bettis Decl.") at ¶ 2, ECF No. 23-2). Dean Foods is not incorporated in Hawaii. It does not maintain its principal place of business in Hawaii.

Plaintiff must demonstrate that an exception to the "paradigm" of general jurisdiction analysis applies to Defendant Dean Foods that would allow this Court to exercise general jurisdiction over it. Goodyear, 564 U.S. at 924.

### B. General Jurisdiction Applies To A Non-Resident Corporation With Sufficient Continuous and Systematic Contacts To Render It "Essentially At Home" In The Forum State

General jurisdiction may exist over a nonresident defendant if its contacts with the forum state are sufficiently continuous and systematic that they render the defendant "essentially at home" in the forum state. BNSF Ry. Co. v. Tyrrell, 137 S.Ct. 1549, 1558 (2017).

The United States Supreme Court has explained that it is common for a corporation to have a presence in multiple states but a "corporation that operates in many places can scarcely be deemed at home in all of them." Daimler, 134 S.Ct. at 746 n.20. The general jurisdiction inquiry requires an examination of the corporation's activities in their entirety to determine whether the forum state is a location where the corporation is "essentially at home." Id. at 749.

### 1. Dean Foods Is Not "Essentially At Home" in Hawaii

Plaintiff has not established that Dean Foods is "essentially at home" in Hawaii. Dean Foods' Corporate Representative, Andrea Bettis, explained in her Declaration that Dean Foods is incorporated under the laws of the State of Delaware and has its principal place of business in Dallas, Texas. (Declaration of Andrea Bettis, Corporate Representative of Dean Foods, ("Bettis Decl.") at ¶ 2, ECF No. 23-2).

Dean Foods asserts that it does not have any office, place of business, real property, personal property, telephone listings, or bank accounts in Hawaii. (Bettis Decl. at ¶¶ 6-9, 13). Dean Foods claims that it has not negotiated nor executed

6

any written contracts in Hawaii, is not registered to do business in Hawaii, and has not maintained any books or records in Hawaii. (Bettis Decl. at ¶¶ 14-16, ECF No. 23-2).

Deans Foods states that it is a "holding company" that owns shares and interest in other companies, and asserts that it is not an operating entity. (Bettis Decl. at ¶¶ 3-4, ECF No. 23-2).

The test for general jurisdiction requires an assessment of the entity's activities "in their entirety, nationwide and worldwide" to determine where the corporation is most "at home." Daimler, 134 S.Ct. at 762 n.20. Plaintiff has not done so.

Plaintiff's claim for general jurisdiction is related only to his alleged personal employment with Dean Foods. There is no evidence presented by Plaintiff to demonstrate Dean Foods' activities in their entirety. At most, Plaintiff has submitted evidence that Dean Foods has engaged in limited activities in Hawaii. A company is not subject to general jurisdiction in every jurisdiction where it conducts some activities. Amiri v. DynCorp Int'l Inc., 2015 WL 166910, *5 (N.D. Cal. Jan. 13, 2015) (finding evidence of defendant's employment listings in California were insufficient to establish general jurisdiction as they were "at best a small part of a much larger, worldwide business"); Shovah v. Roman Catholic Diocese of Albany, 745 F.3d 30, 40-41 (2d Cir. 2014) (per curiam) (occasional activities did not render corporation "essentially at home").

Plaintiff has produced evidence of Dean Foods' logo on Dairy Pure milk products. The logo alone does not establish a basis

for general jurisdiction.  A corporation is not subject to general jurisdiction when it is only connected to the forum state through the stream of commerce.  Goodyear, 564 U.S. at 924-29.  The United States Supreme Court has rejected sales alone as a basis for general jurisdiction.  Daimler, 134 S.Ct. at 761-62.

Plaintiff has not provided sufficient evidence to establish general jurisdiction here.  There is no evidence before the Court that Dean Foods has a systematic and continuous presence in Hawaii that would allow for general jurisdiction such that any lawsuit against it could be brought in Hawaii.

### 2. Plaintiff Has Not Established That Dean Foods Is The Alter-Ego Of Southern Foods

In Daimler AG v. Bauman, 134 S.Ct. 746, 759 (2014), the United States Supreme Court considered for the first time "whether a foreign corporation may be subjected to a court's general jurisdiction based on the contacts of its in-state subsidiary."  The plaintiffs sought to sue Daimler, a German corporation, in California on the basis that the contacts of Daimler's subsidiary could be attributed to Daimler under an agency theory.  Id. at 752.

The Ninth Circuit Court of Appeals upheld the district court's finding that general jurisdiction may exist under an agency theory.  Id.  The United States Supreme Court reversed.  Id. at 754.  The Supreme Court explained that the test for general jurisdiction is **not** agency, but whether a corporation is

8

"essentially at home" in the forum state. Id. (emphasis added).

Following Daimler, the Ninth Circuit Court of Appeals has found that while the agency theory is no longer a valid basis to impute general jurisdiction to a parent company, there may be general jurisdiction over a parent company that is the alter-ego of its subsidiary. Ranza v. Nike, Inc., 793 F.3d 1059, 1071 (9th Cir. 2015).

The parent-subsidiary relationship does not on its own establish two entities as alter-egos. Ranza, 793 F.3d at 1070. To satisfy the test, a plaintiff must make a prima facie case:

(1) that there is such a unity of interest and ownership that separate personalities of the two entities no longer exists; and,

(2) that failure to disregard their separate identities would result in fraud or injustice.

Id. at 1073.

Plaintiff has not provided any evidence to support the finding that Dean Foods and Southern Foods are alter-egos. Plaintiff claims that "Dean Foods was heavily involved in operations" but he has not provided any evidence as to the unity of interest and ownership between the two separate entities. (Sheehan Decl. at ¶ 12, ECF No. 26-1).

Construing the record in a light most favorable to Plaintiff, the evidence supports the idea that Dean Foods owns Southern Foods and that Dean Foods' logo has appeared on marketing and business materials for Southern Foods. Such evidence is insufficient to establish general jurisdiction.

Corcoran v. CVS Health Corp., 169 F.Supp.3d 970, 983-84 (N.D. Cal. 2016) (finding no general jurisdiction based on alter-ego theory even when the two entities had overlapping officers and directors and they presented themselves as one integrated company on websites, in marketing materials, and in government filings).

Defendant Dean Foods' Motion to Dismiss (ECF No. 23) on the basis of lack of general personal jurisdiction is **GRANTED**.

## II. Specific Jurisdiction

If the defendant's contacts with the forum state are not "substantial, continuous, and systematic" enough to support general jurisdiction, the defendant may still be subject to specific personal jurisdiction for claims arising from or related to its activities within the forum state.

The exercise of personal jurisdiction over a nonresident defendant requires that the defendant have certain minimum contacts such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. Int'l Shoe, 326 U.S. at 316.

In order for a court to have specific jurisdiction over a defendant, the defendant's suit-related conduct must create a substantial connection with the forum state. Walden v. Fiore, 134 S.Ct. 1115, 1121 (2014). The relationship between the defendant and the forum state must arise out of contacts that the defendant itself creates with the forum state. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985). The requisite "minimum

contacts" must be with the forum state itself, not with persons who reside there. Id.

The Ninth Circuit Court of Appeals employs a three-part test for specific jurisdiction which requires the plaintiff to show that:

(1) the nonresident defendant has purposefully directed his activities or consummated some transaction within or with the forum state;

(2) the claim arises out of or relates to the defendant's forum-related activity; and

(3) the exercise of jurisdiction comports with fair play and substantial justice.

Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004).

If the plaintiff fails to satisfy either of the first two prongs of the test, jurisdiction in the forum would deprive the defendant of due process of law. Id. If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant. Id.

### A. Purposeful Availment

The purposeful availment requirement protects a defendant from being hauled into a jurisdiction merely because of "random," "fortuitous," or "attenuated" contacts with the jurisdiction. Burger King Corp., 471 U.S. at 475.

There are disputes of fact as to the extent Dean Foods purposefully availed itself to conduct business in Hawaii.

Dean Foods claims that it does not employ any personnel in

11

Hawaii, has no agents or representatives in Hawaii, and does not have an authorized agent for acceptance of service of process in Hawaii. (Bettis Decl. at ¶¶ 5-6, 10).

Plaintiff disputes Dean Foods' claims that it does not have any employees in Hawaii. Plaintiff claims that he himself was employed by Dean Foods in Hawaii. (Declaration of Douglas Sheehan ("Sheehan Decl.") at ¶ 5, 8, ECF No. 26-1). Plaintiff claims that he was jointly employed by Dean Foods and its wholly owned subsidiary Southern Foods Group, LLC ("Southern Foods"). (Id.) Plaintiff claims that Dean Foods employs others in Hawaii, including two of the supervisors he claims discriminated against him. (Id. at ¶¶ 9-11).

Plaintiff provided documents where Dean Foods' logo appeared on employment materials, including Dean Foods Code of Ethics, training certificates, and retirement plan documents. (Sheehan Decl. at ¶¶ 14-22, ECF No. 26-1; Training Certificates, attached as Ex. 7, ECF No. 26-8; Code of Ethics, attached as Ex. 8, ECF No. 26-9; Performance Management Form, attached as Ex. 9, ECF No. 26-10; Performance Improvement Plan, attached as Ex. 10, ECF No. 26-11; Fidelity Investments Retirement Account Statement, attached as Ex. 12, ECF No. 26-13; Fidelity EDCP Benefits Statement, attached as Ex. 13, ECF No. 26-14).

Plaintiff also provided Earnings Statements where Southern Foods is listed as his employer and Dean Foods' logo appears on the document. (Earnings Statement From Southern Foods Group, LLC with Dean Foods logo, attached as Ex. 11; ECF No. 26-12).

12

Plaintiff also disputes whether Dean Foods sold any products in Hawaii. Plaintiff submitted evidence that Dean Foods' logo was used on products that were sold in Hawaii, namely Dairy Pure milk cartons and plastic milk cases. (Photo of Meadow Gold Milk Carton, attached as Ex. 1 to Pla.'s Opp, ECF No. 26-2; Sheehan Decl. at ¶¶ 6, 7, ECF No. 26-1).

Plaintiff argues that Dean Foods Company distributed the milk cartons directly to Hawaii consumers.

Defendant Dean Foods Company claims that it did not purposely avail itself of the privilege of conducting activities in Hawaii. Dean Foods' Corporate Representative, Andrea Bettis, sets forth in her Declaration that Dean Foods manufactures no products and has never sold any products in Hawaii. (Bettis Decl. at ¶¶ 5-7, ECF No. 23-2). She claims that Dean Foods Company does not employ any personnel, maintain bank accounts, any office, place of business, agents, or representatives in Hawaii. (Id. at ¶¶ 7-14).

In the Reply, Dean Foods submitted a Supplemental Declaration from Ms. Bettis. (Supplemental Declaration of Andrea Bettis ("Bettis Supp. Decl."), ECF No. 27-1). Bettis declared in the Supplemental Declaration that the actual distributor of Meadow Gold products in Hawaii is Southern Foods, not Dean Foods. (Id.)

Bettis also addressed Plaintiff's claims regarding the presence of Dean Foods' logo on a number of documents. Bettis explained that "[i]nternal corporate memoranda use the Dean

13

Foods' corporate letterhead to announce corporate news to its family of subsidiaries, including Southern Foods and Model Dairy." (Id. at ¶ 8).

Bettis declared that Dean Food Company does not exert any management control over the operations or employees related to Southern Foods Group, LLC. (Id. at ¶¶ 3-9).

Plaintiff disputes Dean Foods' claim. Plaintiff Sheehan's Declaration states that two supervisory employees "acted on behalf of Dean Foods when engaging in the discriminatory and retaliatory behavior toward me." (Sheehan Decl. at ¶ 9, ECF No. 26-1). He explained that both supervisors listed "Dean Foods as their employer during the relevant time period up to the date of my termination in May 2017 on the popular LinkedIn business website." (Id. at ¶ 10).

Plaintiff Sheehan stated that, despite Bettis' Declaration to the contrary, "Defendant Dean Foods was heavily involved in operations. For example, Defendant Dean Foods issued the Operations Summary for the Hawaii Division." (Id. at ¶ 12). He further explained that Dean Foods was directly involved with long-term management of the plant where Plaintiff Sheehan worked. He claims that he was in the process of working with Dean Foods' corporate office on a "Hawaii 3 year Plan" for the dairy. (Id. at ¶ 13).

The Ninth Circuit Court of Appeals has explained that a district court cannot exercise personal jurisdiction over a corporation on the basis of contacts with its subsidiaries when

14

the parent maintains its separateness and does not directly control day-to-day activities of its subsidiary. Williams v. Yamaha Motor Co. Ltd., 851 F.3d 1015, 1025 (9th Cir. 2017); see Doe v. Unocal Corp., 248 F.3d 915, 925-31 (9th Cir. 2001) (abrogated by Daimler in the context of general jurisdiction).

Construing the record in Plaintiff's favor, there are questions of fact as to the separateness of Dean Foods from Southern Foods and the degree that Dean Foods has control of the operations and activities of Southern Foods.

### B. Arising Out Of Forum-Related Activities

The second prong requires that the claim arise out of or be related to the defendant's forum-related activities. See Panavision, 141 F.3d at 1322.

Plaintiff states that "it is clear that his claims arise from [Defendant Dean Foods Company's] activities, *i.e.* employment and other business acts, in this forum." (ECF No. 26 at p. 13).

Dean Foods' corporate representative declares that it does not employ individuals in Hawaii, maintain offices, or have any representatives here.

Plaintiff has provided evidence, however, that Dean Foods' provided him employment benefits. He submitted evidence that his employment included benefits conferred directly from Dean Foods, including a 401k plan. (Sheehan Decl. at ¶¶ 20-22, ECF No. 26-1).

Plaintiff submitted evidence that the terms of his

15

employment were controlled by Dean Foods.  Plaintiff was provided with the Dean Foods Code of Ethics, which he claims governed his conduct as an employee.  (Dean Foods Code of Ethics, attached as Ex. 8 to Pla.'s Opp., ECF No. 26-9).

Plaintiff also submitted evidence that his employment evaluations were conducted by Dean Foods.  Specifically, Plaintiff attached a copy of his 2016 Performance Management Form for Exempt Employees, which contains Dean Foods' logo. (Sheehan's 2016 Performance Management Form, attached as Ex. 9 to Pla.'s Opp., ECF No. 26-10).

There is also evidence that Dean Foods investigated Plaintiff's claim of discrimination, which is central to this case.  Plaintiff explains in his Declaration that "[j]ust weeks after I had initiated a complaint of age discrimination with the U.S. Equal Employment Opportunity Commission, I was wrongfully issued a Performance Improvement Plan by Cappo on behalf of Dean Foods in mid-January 2017.  I was not issued a performance improvement plan or evaluation on behalf of Defendant Southern Foods."  (Sheehan Decl. at ¶ 18, ECF No. 26-1; Dean Foods Performance Improvement Plan, dated January 18, 2017, attached as Ex. 10 to Pla.'s Opp., ECF No. 26-11).

Conflicts between the Parties over statements contained in affidavits must be resolved in Plaintiff's favor.  Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1087 (9th Cir. 2000).  Given the conflicts in the evidence presented by the Parties, Defendant Dean Foods' Motion to Dismiss (ECF No. 23) on

the basis of lack of specific personal jurisdiction is **DENIED WITHOUT PREJUDICE.**

**III. Jurisdictional Discovery**

Discovery may be appropriately granted where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing is necessary. Boschetto v. Hansing, 539 F.3d 1011, 1020 (9th Cir. 2008).

The Court need not permit discovery where a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendant. Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1160 (9th Cir. 2006). A plaintiff seeking jurisdictional discovery must provide some basis to believe that discovery will lead to relevant evidence providing a basis for the exercise of personal jurisdiction. Boschetto, 539 F.3d at 1020.

District courts are vested with broad discretion to decide whether to permit jurisdictional discovery. Laub v. U.S. Dept. Of the Interior, 342 F.3d 1080, 1093 (9th Cir. 2003).

The Court finds that jurisdictional discovery is warranted in this case. Plaintiff has provided evidence to raise a colorable question as to whether Defendant Dean Foods purposefully availed itself to the Hawaii forum, including whether it has employed individuals in Hawaii or controlled its subsidiaries' employees in Hawaii.

Plaintiff raised a colorable issue as to whether Dean Foods was Plaintiff's employer and whether his employment discrimination claims are related to Dean Foods' activities in Hawaii.

## CONCLUSION

Defendant Dean Foods Company's Motion to Dismiss for Lack of Personal Jurisdiction (ECF No. 23) is **GRANTED, IN PART, AND DENIED IN PART.**

Defendant Dean Foods' Motion to Dismiss as to lack of general personal jurisdiction over Dean Foods Company is **GRANTED.**

Defendant Dean Foods' Motion to Dismiss as to specific personal jurisdiction over Dean Foods Company is **DENIED WITHOUT PREJUDICE.**

The Parties are directed to meet and confer regarding the appropriate scope and length of jurisdictional discovery. If the Parties cannot agree, the Parties shall submit a motion to the Magistrate Judge within **fourteen (14) days of this Order being entered.**

IT IS SO ORDERED.

DATED: October 22, 2019, Honolulu, Hawaii.

Helen Gillmor
United States District Judge

Douglas M. Sheehan v. Southern Foods Group, LLC; Dean Foods Company; Civ. No. 18-00405 HG-KJM; **ORDER GRANTING, IN PART, AND DENYING, IN PART, DEFENDANT DEAN FOODS COMPANY'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION (ECF No. 23) WITHOUT PREJUDICE**